Daniels, J.
This action was commenced and prosecuted to recover the amount of a note made by the defendant and payable to the plaintiffs, for the sum of $5,000. The defendant, by his answer, alleged that he had been induced to make the note by representations made by the plaintiffs, which turned out to be untruthful, and by an agreement with him that, if he could not pay it, they would retain and take in payment of it fifty shares of the stock of a manufacturing corporation, delivered to them as security for the advancement of $5,000 by the plaintiffs, to pay the price of such shares. The evidence of the defendant tended to establish the making of this agreement, and that he was not able to pay the note, while that given on the part of the plaintiffs was directly in conflict with the existence of the agreement. The court, in submitting the case to the jury, directed them that, if the agreement had been made on their part, by which they agreed to receive the stock in payment of the note, the defendants was entitled to their verdict. And then it was added that “ something has been said about fraud. It is for you to determine that whether or not there was any fraud, and whether you consider that it would interfere with the plaintiffs’ claim to recover in this action.” To this portion of the charge the plaintiffs’ counsel excepted, and, as it was not supported by jhe evidence, and also left the question of fraud without any explanation concerning it, by which the jury was to be guided in their consideration and deteimination of this subject, it was erroneous. The. evidence did not prove any misrepresentation of fact on the part of the plaintiffs. It did tend to establish that assurances given by them concerning the future progress and success of the business, and their conduct in it, had not been performed. But there was no evidence from which the jury could infer that these statements had been made in bad faith, or that when they were made the plaintiffs did not design to perform them, so far as they were dependent upon their conduct. In these respects the evidence was defective, establishing no more than what might be described as promissory representations upon which fraud is not ordinarily allowed to be predicated. Fisher v. N. Y. Common Pleas, 18 Wend., 607.
The case was, in no respect, as it was presented by the evidence, in such a condition as to justify the submission of this inquiry to the jury. And as it cannot be seen or held to have been harmless, the judgment should be reversed and a new trial ordered, with costs to abide the event.
Brady, J., concurs.